IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERNEST E. HOLLAND, | ) | 4:18CV3156 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| LANCASTER COUNTY SHERIFFS DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Ernest E. Holland, a pretrial detainee being held in the Lancaster County Adult Detention Center in Lincoln, Nebraska, filed his Complaint (Filing 1) on November 15, 2018. Plaintiff has been granted leave to proceed in forma pauperis, and has paid an initial partial filing fee. The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. SUMMARY OF COMPLAINT

This is a § 1983 action brought against three Defendants: (1) Lancaster County Sheriffs [*sic*] Department; (2) J. Schwarz; and (3) Matthew F. Meyerle. Meyerle is employed by the Lancaster County Public Defender's Office and was appointed to represent Plaintiff in connection with criminal charges that were filed in the County Court of Lancaster County, Nebraska, in *State v. Holland*, Case No. CR17-15447. Schwarz is a Sheriff's Deputy who provided testimony at a preliminary hearing that was held on August 27, 2018.

Plaintiff alleges that Deputy Schwarz "has admitted comitting [sic] perjury on the stand," and "this is the sole reason for me being bound over to District Court"

(Filing 1, p. 3); that "Judge Phillips [and] the prosecutor knowingly let it get bound over to district court with purjered [*sic*] testimony under the color of law" (Filing 1, p. 5); and that "[Plaintiff's] attorney is working in conjunction with the State, rather than discharging his functions" (Filing 1, p. 4). Plaintiff claims he has been falsely imprisoned and his constitutional rights have been violated (Filing 1, pp. 4-5). Plaintiff requests that his criminal case be dismissed and that he be awarded damages (Filing 1, p. 5).

Attached to the Complaint is a copy of an Additional Case Information ("ACI") report that was prepared by Deputy Schwarz, in which he states he testified at the preliminary hearing that Plaintiff refused to provide a DNA sample, but after the hearing Schwarz discovered he had misread a report and it was another individual who had refused to exit his pod at the detention facility for an interview. (This individual is identified in the report as being a passenger in Plaintiff's vehicle at the time of his arrest for burglary.) Schwarz further states he testified that he subsequently lost the physical characteristics order for obtaining Plaintiff's DNA sample, but in checking into the matter after the hearing he could find no record that an order had been requested or that he had contacted Plaintiff at the jail. The report indicates Schwarz conveyed this information to the prosecutor, and a copy of the ACI report was later provided to Plaintiff's attorney. (Filing 1 at pp. 12-13).

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Whether a party, other than an individual or a corporation, has the capacity to be sued is determined "by the law of the state where the court is located[.]" Fed. R. Civ. P. 17(b). Each county in Nebraska may sue and be sued in its own name, Neb. Rev. Stat. § 23-101, but the same is not true of county offices or departments. *See Holmstedt v. York County Jail Supervisor (Name Unknown)*, 739 N.W.2d 449, 461 (Neb. App. 2007) (York County Sheriff's Department was not proper defendant), *rev'd on other grounds*, 745 N.W.2d 317 (Neb. 2008); *Winslow v. Smith*, 672 F. Supp. 2d 949, 964 (D. Neb. 2009) (Gage County Sheriff's Office was not proper defendant). Because the Douglas County Sheriff's Department is not legal entity which is subject to suit, it will be dismissed as a party.

Defendants Schwarz and Meyerle are sued in their individual and official capacities. Plaintiff's official-capacity claims against these Defendants are, in effect, claims against Lancaster County. *See Johnson v. Outboard Marine Corp.*, 172 F.3d

531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer.").

In order to state a plausible claim against Lancaster County, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights. *See Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ). An official policy involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) ). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by the Lancaster County Sheriff's Department or the Lancaster County Public Defender's Office, or that Lancaster County's policymaking officials were deliberately indifferent to, or tacitly authorized, any unconstitutional conduct, or that any unconstitutional custom was the moving force behind his injuries. Even with the most liberal construction, Plaintiff has failed to

allege sufficient facts to state a claim upon which relief may be granted against Lancaster County. In light of this, Plaintiff's claims against Defendants Schwarz and Meyerle in their official capacities are subject to dismissal on initial review of the Complaint. *See McCullough v. Pearlman*, No. 8:18CV194, 2018 WL 6310278, at *6 (D. Neb. Dec. 3, 2018) (dismissing official-capacity claim alleged against deputy sheriff); *Burr v. Gage Cty. Sheriffs Dep't*, No. 8:18CV4, 2018 WL 2463073, at *2 (D. Neb. June 1, 2018) (same); *Mixon v. Omaha Police Dep't Officers*, No. 8:17CV325, 2018 WL 5622633, at *3-4 (D. Neb. Oct. 30, 2018) (dismissing official-capacity claim alleged against public defender); *Ware v. Nebraska*, No. 8:18CV143, 2018 WL 5299713, at *4 (D. Neb. Oct. 25, 2018) (same).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Indeed, when a public defender represents an indigent defendant in a state criminal proceeding, he is "not acting on behalf of the State; he is the State's adversary." *Id.* at 322 n.13. While a § 1983 claim may be brought against a public defender, or any other private individual, if he or she conspires with a state actor to deprive an individual of a federally-protected right, *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988), the Complaint's bare, conclusory allegations fall far short of stating a plausible conspiracy claim. The individual-capacity claim alleged against Defendant Meyerle therefore is also subject to dismissal because no relief can be granted under § 1983. *See Mixon*, 2018 WL 5622633, at *5 (dismissing individual-capacity claim alleged against public defender); *Ware*, 2018 WL 5299713, at *5 (same).

Finally, the individual-capacity claim alleged against Defendant Schwarz must be dismissed because "a law enforcement officer who serves as a trial witness enjoys

absolute immunity from any civil claim premised on his testimony." *Helmig v. Fowler*, 828 F.3d 755, 761 (8th Cir. 2016); *see Briscoe v. LaHue*, 460 U.S. 325, 342-43 (1983) (holding that § 1983 does not authorize a convicted criminal to assert a claim for damages against a police officer for giving perjured testimony at his or her criminal trial).

Out of an abundance of caution, the court will give Plaintiff 30 days in which to file an Amended Complaint that states a claim upon which relief can be granted. Plaintiff should be aware, however, that no § 1983 claim for damages is likely to proceed in this court until his state criminal case is finally concluded. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); *Abdullah v. Minnesota*, 261 F. App'x 926 (8th Cir. 2008) (stating *Wallace* indicates that if a plaintiff files a civil action alleging a claim that necessarily requires invalidation of an anticipated future conviction, the federal court should stay the civil action until the criminal case is terminated"); *Mumin v. Mayo*, No. 8:12CV313, 2013 WL 1292715, at *2-3 (D. Neb. Mar. 26, 2013) (staying plaintiff's Fourth Amendment claims pending resolution of plaintiff's state court criminal proceeding).

Plaintiff should also be aware that his request for injunctive relief, including dismissal of his criminal case, is not likely to be granted by this court. "Under principles of comity and federalism, a federal court may not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances." *Portsche v. Doyle*, No. 4:06 CV 3193, 2006 WL 2376920, at *1 (D. Neb. Aug. 16, 2006) (citing *Younger v. Harris*, 401 U.S. 37 (1971), and dismissing § 1983 action where plaintiff sought to enjoin state criminal prosecution); *see El v. Bitzes*, No. 8:18CV245, 2018 WL 4006769, at *2-3 (D. Neb. Aug. 22, 2018) (dismissing § 1983 action where plaintiff sought to have arrest warrant invalidated);

*Wright v. Douglas Cty. Sheriff Dep't*, No. 8:09CV308, 2009 WL 4724631, at *2 (D. Neb. Dec. 1, 2009) (dismissing § 1983 action where plaintiff alleged county sheriff improperly held him, because he was entitled to be released while awaiting trial after posting bond).

Challenges to a pending state criminal prosecution may be raised in a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, but before the plaintiff files a petition in this court, he must first exhaust his remedies in state court. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973) (federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction). The "derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

## IV. CONCLUSION

The Lancaster County Sheriff's Department is not a suable entity. No relief can be obtained upon Plaintiff's official-capacity claims against the sheriff's deputy and the public defender because no facts are alleged to show that a policy or custom of Lancaster County caused the alleged violation of Plaintiff's constitutional rights. The public defender cannot be held personally liable under § 1983 because he did not act under color of state law, and the sheriff's deputy has absolute immunity with respect to testimony he gave at the preliminary hearing.

The court does not otherwise rule upon the sufficiency of Plaintiff's allegations, but on its own motion will give Plaintiff leave to amend. If an Amended Complaint is filed within 30 days, the court will conduct another initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. If an Amended Complaint is not filed within 30 days, this action may be dismissed without further notice to Plaintiff.

IT IS THEREFORE ORDERED:

1. Defendant "Lancaster County Sheriffs Department" is dismissed from this action and shall no longer be a party.

2. On the court's own motion, Plaintiff shall have 30 days in which to file an Amended Complaint that states a claim on which relief may be granted. Failure to file an Amended Complaint within 30 days will result in the court dismissing the case without further notice to Plaintiff.

3. The clerk of the court is directed to set the following pro se case management deadline in each case: January 14, 2019: check for amended complaint.

DATED this 13th day of December, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge