# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERNEST E. HOLLAND,<br><br>Plaintiff,<br><br>vs.<br><br>LANCASTER COUNTY SHERIFFS DEPARTMENT, et al.,<br><br>Defendants. | 4:18CV3156<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff's "Amended Complaint" (Filing 14), which, liberally construed, will be treated as a motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b). The motion will be denied.

Plaintiff is advised that this action was dismissed without prejudice on January 22, 2019, after he failed to file an amended pleading within the time allowed by the court's Memorandum and Order that was dated December 13, 2018, and filed on December 14, 2019 (Filing 8). Copies of the court's January 22, 2019 Memorandum and Order (Filing 11) and Judgment (Filing 12) were sent to Plaintiff on that date at his last-known address, but the mailing was returned as undeliverable on February 4, 2019 (Filing 13).

Plaintiff states in his "Amended Complaint" that he did not receive a copy of the court's previous Memorandum and Order (Filing 8) until February 25, 2020, when it was forwarded to him by relatives. Plaintiff states that the more than 14-month delay in his receipt of the court's December 14, 2018 mailing was occasioned by his incarceration at the Omaha Correctional Center.

Under Rule 60(b), a court may grant a party relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;

        (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

        (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

        (4) the judgment is void;

        (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

        (6) any other reason that justifies relief.

Fed .R. Civ .P. 60(b).

"Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, ... late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392 (1993). However, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

This one-year limitations period "is absolute." *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000); *Nicolaison v. Brown*, No. CV 05-1255 (MJD/JSM), 2019 WL 2718347, at *1 (D. Minn. June 28, 2019). Also, the provisions of Rule 60(b) "are 'mutually exclusive' to the extent that subsection (6) cannot be used to avoid the one-year limitation in subsections (1)-[(3)], such that 'a party who failed to take timely action due to "excusable neglect" [within one year] may not seek relief more than a year after the judgment by resorting to subsection (6)." *Salazar ex rel. Salazar v. D.C.*, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (quoting *Pioneer Inv. Servs.,* 507 U.S. at 393). Thus, even if Plaintiff's failure to notify the court of his change of address[1] might be considered "excusable neglect," the court is unable to grant Plaintiff relief from a judgment that was entered on January 22, 2019.

---

[1] Plaintiff had an obligation to keep the court informed of his address at all times. *See* NEGenR 1.3.

IT IS THEREFORE ORDERED:

1. Plaintiff's "Amended Complaint" (Filing 14), treated as a Rule 60(b) motion for relief from judgment, is denied.

2. The clerk of the court shall send a copy of this Memorandum and Order, and also copies of the January 22, 2019 Memorandum and Order (Filing 11) and Judgment (Filing 12) to Plaintiff at his current address.

Dated this 8th day of April, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge